IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald L. Richie,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro, Arizona Department of Corrections; Attorney General of the State of Arizona,<br><br>　　　　Respondents. | No. CIV 05-4103-PHX-MHM (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

Ronald L. Richie filed a petition for writ of habeas corpus on December 5, 2005;[1] on January 26, February 9 and April 6, 2006, he thrice supplemented his petition (Doc. ##1, 5, 6, 7). He challenges his 1994 convictions for first degree murder and kidnapping, and concurrent sentences of life imprisonment and 21 years. He presents twelve grounds for habeas relief. Respondents contend that his petition is untimely and that his claims are procedurally defaulted. The Court agrees that the petition is untimely and recommends that it be dismissed with prejudice.

---

[1] The petition was actually filed in the district court on December 14, 2005, but under the prison mailbox rule the petition is deemed filed on the date the petition is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).

Richie's convictions and sentences were affirmed by the court of appeals on March 7, 1996 and the supreme court denied review on September 18, 1996 (Doc. #31, Exh C-E). On November 20, 1996, he filed a notice of post-conviction relief; following several extensions of time, counsel filed a notice of completion of post-conviction review on March 23, 1998, indicating that she was unable to find any claims for relief (*Id.*, Exh F-I). On April 1, 1998, the trial court extended the deadline for Richie to file a pro se petition to June 22, 1998 (*Id.*, Exh J). On April 27, 1998, Richie filed a *pro se* motion requesting that the trial court authorize payment for the transcription of various witnesses' interview statements, and an indefinite time extension to file his PCR petition (*Id.* Exh K). On August 21, 1998, the trial court denied both motions, and dismissed the post-conviction proceedings because Richie had not filed his petition by the June 22 deadline (*Id.* Exh M). Richie did not seek review in the court of appeals.[2]

Richie was required to file his federal petition within one year of the date the judgment of conviction became final in state court. *See* 28 U.S.C. § 2244(d). Richie's case became final on direct review on December 16, 1998, the date upon which the time for seeking certiorari from the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, the deadline for filing his federal petition was December 16, 1999. However, "the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *See* 2244(d)(2).

The Court notes initially that because the time for seeking certiorari review from the Supreme Court had not expired when Richie filed his notice of post-conviction relief, the period of limitation had not begun to run. In addition, although his petition was ultimately

---

[2] Richie filed a second petition for post-conviction relief in 2006, *after* he filed his petition for habeas corpus. Accordingly, the Court will not address the subsequent petition.

- 2 -

dismissed, and his post-conviction relief rights terminated, following the deadline to file a supplemental petition, his petition was still "properly filed" within the meaning of the statute. The limitations period began to run on August 21, 1998, when the trial court dismissed the post-conviction proceedings because Richie had not filed his petition by the June 22 deadline. Even tolling the period during which Richie's post-conviction proceedings were pending, which ended on August 21, 1998, his petition, filed in December 2005, is untimely, filed over *six years* past the period of limitations. In addition, Richie is not entitled to equitable tolling. There is no evidence that there existed extraordinary circumstances beyond his control which made it impossible for him to timely file his habeas petition: that he diligently pursued his rights and that some "extraordinary circumstance stood in his way." *See Pace v. DiGiguglielmo*, 544 U.S. 408, 418. (2005).[3]

**IT IS THEREFORE RECOMMENDED** that Ronald Richie's petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. ##1, 5, 6, 7).

**IT IS ORDERED DENYING** all of Richie's pending motions (Doc. # 25, 26, 28, 30, 32, 33).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-*

---

[3] Richie asserts in his petition that he has been legally blind since 1997. However, he does not suggest how this may have affected his ability to timely file his petition. Indeed, his numerous pleadings in this case indicate otherwise.

- 3 -

1  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual
2  determinations of the Magistrate Judge will be considered a waiver of a party's right to
3  appellate review of the findings of fact in an order or judgment entered pursuant to the
4  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 9th day of May, 2007.

_____
David K. Duncan
United States Magistrate Judge

- 4 -