**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald L. Richie,<br><br>       Plaintiff,<br><br>vs.<br><br>Dora B. Schriro, Arizona Department of Corrections; Attorney General of the State of Arizona,<br><br>       Defendant. | No. CV-05-4103-PHX-MHM<br><br>**ORDER** |

Presently pending before this Court is Ronald L Richie's petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and three filed supplemental pleadings, in which Petitioner challenges his conviction (Doc.1, 5, 6, 7). Petitioner was convicted of first degree murder and kidnapping, and was sentenced to a term of life imprisonment on the murder charge and to a concurrent 21-year prison term on the kidnapping charge. Petitioner has filed the instant Writ of Habeas Corpus and three supplemental pleadings claiming twelve grounds for relief. Respondent has filed an Answer and asserts that Petitioner's Writ of Habeas Corpus should be dismissed because Petitioner did not file the petition in a timely manner and because Petitioner's claims are procedurally defaulted. The matter was referred to United States Magistrate Judge David K. Duncan who has issued a Report and Recommendation recommending that the Court deny and dismiss Petitioner's Writ of Habeas Corpus with

1 prejudice (Doc. 35). Petitioner has filed an objection to Judge Duncan's R&R asserting that
2 the Court should reconsider the ruling.

## STANDARD OF REVIEW

4 The Court must review the legal analysis in the Report and Recommendation de novo.
5 See 28 U.S.C. § 636 (b)(1)(C). The Court must review the factual analysis in the Report and
6 Recommendation de novo for those facts to which objections are filed. Id.

## DISCUSSION

8 Petitioner claims at least twelve bases for habeas relief. All twelve claims, however,
9 are barred because the petition was filed untimely. Under 28 U.S.C. § 2244(d)(1), prisoners
10 have one year to file a Writ of Habeas Corpus in federal court. This statute of limitations
11 begins to run once a prisoner's conviction is finalized. 28 U.S.C. § 2244(d)(1)(a). However,
12 tolling of the statute of limitations is provided during the time in "which a properly filed
13 application for post-conviction or other collateral review with respect to the pertinent
14 judgment or claim is pending." 28 U.S.C. § 2244(d)(2); See Isley v. Arizona Dept. of
15 Corrections, 383 F.3d 1054, 1065 (9th Cir. 2004).

16 Petitioner was convicted of murder and kidnapping in 1994. The judgment was
17 finalized on March 7, 1996, when Petitioner's convictions and sentences were affirmed by
18 the court of appeals. On November 20, 1996, Petitioner filed a notice of post conviction
19 relief. On March 23, 1998, following several extensions of time, Petitioner's court appointed
20 counsel filed a notice of completion of post conviction review, asserting that there were no
21 valid claims for relief. Counsel then requested a 30-day extension to allow Petitioner to file
22 a *pro se* petition. The trial court extended the deadline for Petitioner to file a pro se petition
23 to June 22, 1998. On April 27, 1998, Petitioner filed a *pro se* motion requesting the trial
24 court to authorize payment for the transcription of various witnesses' interview statements,
25 and also requesting an indefinite time extension to file his post conviction review petition.
26 The trial court denied Petitioner's motions on August 21, 1998, and dismissed the post
27 conviction proceedings because he had failed to file by the June 22, 1998 deadline.
28

1    Judge Duncan pointed out in his Report and Recommendation that the tolling period
2 for Petitioner to file his federal petition ended on August 21, 1998, when the trial court
3 dismissed all post conviction proceedings. See 28 U.S.C. § 2244(d)(2).  Thus, Petitioner had
4 one year from August 21, 1998 to file a Writ of Habeas Corpus in federal court.  See 28
5 U.S.C. § 2244(d)(1).  Petitioner, however, did not file his petition for habeas relief until
6 December 5, 2005, six years after the deadline.  This Court agrees with Judge Duncan's
7 Report and Recommendation and finds that the filing of the petition of December 5, 2005
8 was untimely.

9    Petitioner contends that he is entitled to equitable tolling.  A petitioner is not permitted
10 equitable tolling unless he proves two elements: (1) that he had been pursuing his rights
11 diligently, and (2) that some extraordinary circumstance stood in his way.  Pace v.
12 DiGiguglielmo, 544 U.S. 408, 418 (2005).  Petitioner did not produce any evidence that
13 extraordinary circumstances existed that would have prevented him from filing his Writ of
14 Habeas Corpus on time.

15 **CONCLUSION**

16    The Court finds no grounds upon which to grant Petitioner's Writ for Habeas
17 Corpus relief.  Accordingly,

18    **IT IS ORDERED** that the Court adopts Judge Duncan's Report and
19 Recommendation (Doc. 35) in its entirety as the Order of the Court.

20    **IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus pursuant to
21 28 U.S.C. § 2254, including supplemental pleadings, (Doc. 1, 5, 6, 7) is denied and
22 dismissed with prejudice.

23    DATED this 29th day of May, 2007.

24
25
26    _____
         Mary H. Murguia
27       United States District Judge
28